BELLIN v. WEIN.

(Supreme Court, Appellate Term. May 16, 1907.)

1. BROKERS—COMPENSATION—COMMISSIONS FROM BOTH PARTIES.

In an action to recover broker's commissions for negotiating the exchange of defendant's property for the property of L. & W., a showing that plaintiff was to also receive commissions from L. & W. was sufficient to bar his recovery, unless he acted in his dual capacity with the knowledge and consent of defendant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, § 53.]

2. SAME—ACTIONS—EVIDENCE—ADMISSIBILITY.

In an action to recover broker's commissions for negotiating the exchange of defendant's property for the property of L. & W., where there was no evidence that defendant knew that plaintiff was to also receive commissions from L. & W., it was not error to exclude evidence that L. & W. knew he was to receive commissions from defendant.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Joseph Bellin against Rose Wein. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Selig Edelman, for appellant.

Kantrowitz & Esberg, for respondent.

SEABURY, J. This is an appeal from a judgment dismissing the complaint in an action to recover broker's commissions. The plaintiff claimed that he was employed to negotiate an exchange of the defendant's property for property owned by Lewitz & Weingarten. The evidence showed that the plaintiff was to receive commissions from Lewitz & Weingarten. The plaintiff could not properly recover in this dual capacity without the knowledge and consent of his principal. In Abel v. Disbrow, 15 App. Div. 536, 44 N. Y. Supp. 573, the court said:

"It is unquestionably the law that a broker employed to effect the sale or exchange of property cannot act in that capacity for the purchaser, unless with the consent and full knowledge of his employer. If he does act for the other side without such consent, he forfeits any claim to compensation."

The court excluded evidence tending to show that Lewitz & Weingarten knew the plaintiff was to receive commissions from the defendants; but these rulings were not prejudicial, in the absence of any evidence tending to show the defendant knew that the plaintiff was to receive commissions from Lewitz & Weingarten. The complaint was properly dismissed.

Judgment affirmed with costs. All concur.